# United States Court of Appeals
## For the First Circuit

No. 22-1858

CARMEN QUINTANA-DIEPPA
Plaintiff – Appellant,

v.

DEPARTMENT OF THE ARMY
Defendant – Appellee

On Appeal from the United States District Court
For the District of Puerto Rico
Honorable Judge Aida M. Delgado-Colón
Civil Case No. 19-1277 (ADC)

**APPELLANT'S REPLY BRIEF**

**HUMBERTO COBO-ESTRELLA**, ESQ.
COBO ESTRELLA LAW OFFICE
*Counsel for Plaintiff-Appellant |Bar*1179880
PO BOX 366451
SAN JUAN, PUERTO RICO  00936-6451
Tel. (787) 529-7140 hcobo@hcounsel.com

**WINSTON VIDAL-GAMBARO**, ESQ.
Winston Vidal Law Office
*Counsel for Plaintiff-Appellant*
PO Box 193673
SAN JUAN, PUERTO RICO 00919-3673
Tel. (787) 751-2864 wvidal@prtc.net

# TABLE OF CONTENTS

*Page*

| | |
|---|---|
| TABLE OF AUTHORITIES | 3 |
| PRELIMINARY STATEMENT | 4 |
| RESTATEMENT OF THE FOUR ISSUES ON APPEAL | 4 |
| REPLY TO APPELLEE'S ARGUMENT | 5 |
| CONCLUSION | 11 |

# TABLE OF AUTHORITIES

*Page*

**I. CASE LAW:**

*Cham v. Station Operators, Inc.,* 685 F.3d 87, 94 (1st. Cir. 2012)     8, 13

*Keisling v. Ser-Job for Progress, Inc.,* 19 F.3d 755 (1st. Cir. 1994)     10

*Woodman v. Haemonetics Corp.,* 51 F.3d 1087, 1092 (1st Cir. 1995)     10

# I. PRELIMINARY STATEMENT

Appellant *Carmen Quintana-Dieppa* is a 65-year-old life-long civil *federal* employee. Her employer, the Department of Defense/Army is *appellee* in this case. This *reply brief* refutes and responds to Appellee's unjustifiable *misstatements* of the facts, issues, and the law. As demonstrated by *Appellant's* opening brief, the District Court's *Opinion* is profuse with multiple *disputed facts*, various *issues of credibility of witness testimony,* and *impermissible* Court *inferences of facts against* nonmoving party, *Carmen Dieppa*. Appellant asks to vacate because the *findings of facts are contrary to the evidence proffered by the parties* and the District Court should have submitted her case to a *jury* of *facts*.

Although appellant's position is strongly supported by specific record portions included in *Addendum*, that we believe no reply is needed, we file this reply because Appellee's brief is profuse with various misstatements which are incomprehensible and unsupported in any way, by record citations/reference to admissible evidence.

# II. RESTATEMENT OF THE FOUR ISSUES ON APPEAL

Appellee's Brief failed to address each of the four issues that were presented*, individually*, as discussed in Appellant's Brief, choosing to address exclusively its understanding of a *single* Argument, that Summary Judgment granted by the District Court was "*properly granted*". (Appellee's Brief, pag. 2,24)

We briefly *restate* here the 4 *issues* presented by *Carmen* with her Appeal:

### ISSUE ONE:

Whether the District Court *erred* in granting summary judgment because it undertook a role of *fact finder* in the face of ***disputed material facts***. The District Court incorrectly assumed plaintiff's involuntary *reassignment* to a newly created non-supervisory position was a "transfer", *unsupported.*

### ISSUE TWO:

Whether the District Court *erred* in granting summary judgment when the court *improperly assesses* the ***credibility of witness testimony***. The District Court incorrectly gave credibility to Carmen Dieppa's subordinates impeachable fabricated statements, used to justify the report.

### ISSUE THREE:

Whether the District Court *erred* in granting summary judgment when it *failed* to make **all** material *inferences* in favor of **nonmoving** party. The District Court *assumed* the plaintiff wasn't a qualified Supervisor.

### ISSUE FOUR:

Whether the District Court *erred* when it failed to acknowledge that the Plaintiff had proffered *sufficient evidence for a Jury* to determine plaintiff's *involuntary* reassignment in November 2017, was *adverse* and *retaliatory* and the District Court's findings of facts were contrary to evidence on the record. Carmen Dieppa proffered evidence she was qualified, defendant's witness version impeachable and reassignment *unsupported* by Second Investigation.

### III.    REPLY TO APPELLEE'S ARGUMENT

First and foremost, we point out that NOWHERE in Appellee's dispositive motion (*Defendant's Memorandum of Law in Support of Motion for Summary Judgment/Defendant's Statement of Undisputed Material Facts*, at Dkt. #93 and #94, respectively) the Army ever alleged Carmen Quintana-Dieppa was "not qualified".

5

Therefore, District Court's *erroneous* finding that Carmen was not qualified, not only was it *unsupported*, but it wasn't even an argument presented by defendant-appellee. Most surprising, given that the District Court knows Carmen *continues* to work for defendant-appellee and has received scheduled salary increases, even after adverse employment action, specifically her involuntary reassignment. The District Court improperly assumed Carmen had an obligation to proffer evidence on record showing she was qualified, however, she didn't have to, because defendant-appellee never argued she wasn't in its dispositive motion. Therefore, the District Court erroneously assumed Carmen had to rebuttal a fictious allegation (not qualified), that defendant never made. See Dkt. #93 and Dkt. #94. *Defendant at no time, argued in its MSJ that Carmen was not qualified*.

Appellee proffered *no supporting documentation* with its last-minute self-serving *Brief for Appellee*. As Appellee failed to address how Army's made-to-order subordinate statements about Carmen Quintana-Dieppa's "leadership style" are, not impeachable. Appellee also failed to address how a material fact, whether Carmen was "qualified" or not, was not in *dispute,* as the District Court assumed. While Appellant successfully argued with supporting reference to admissible evidence *on record*, that she can rebuttal subordinate statements as well as improper assumption by the Court, about supposedly not being *qualified*. She referenced to damning admissions by her supervisors, physically proffered to the Court and defendant in a

binder her performance evaluations at Pre-Trial/Settlement Hearing, while MSJ was still pending and also proffered former supervisor Dallas Pettersen Statement with expected witness testimony, impeaching defense's. Therefore, Appellant Carmen had proffered at Summary Judgment Stage, sufficient evidence.

With the first issue presented by Carmen Quintana-Dieppa, we established the existence of multiple material facts, among several discussed on her Brief, including improper used by District Court of the word "transfer", non-existent on the record, as opposed to "reassignment" which interestingly was the word used by defendant-appellee. A word the District Court know has legal significance, see *Cham v. Station Operators, Inc.*, *infra*, therefore its improper (unsupported) use by the District Court constitutes an error in the appreciation of a most relevant material fact, including the Carmen's involuntary reassignment. Appellee conveniently diminished significance of the Court's refusal to use word "reassignment" but failed to provide any legal citation or reference showing how use of "transfer" as opposed to "reassignment" is of no legal significance or consequence. Appellee Summary of Argument C states, "*The district court's use of the terms "transfer" and "reassignment" throughout its opinion, however, shows that this is a distinction without difference*" However, that is Army's *unsupported* opinion. As a matter of fact, the District Court did not reference to any record entry indicating "transfer", and Appellant's Brief pointed out legal significance of the word "reassignment". This Circuit Court has recognized that

7

*reassignment* with significant different responsibilities constitutes *adverse* action. *Cham v. Station Operators, Inc*., 685 F.3d 87, 94 (1st. Cir. 2012). Appellant's Brief correctly pointed out plaintiff reference to "reassignment" 31 times in her Complaint and specifically some of Defendant's SUF referred to a "reassignment letter".

With the second issue presented by Carmen-Quintana-Dieppa, we established the District Court improperly gave credibility to Carmen's subordinate statements used in support of a motion for summary judgment, despite Carmen showing they were *impeachable*, thru damming admissions of supervisors as well, as her former supervisor's Sworn Statement which was put on the record, as well her performance evaluations. Appellee chooses to ignore statements about a "leadership style" are *impeachable*. However, Summary Judgment was *improper*, as it denied Carmen an opportunity to confront such witnesses. In its Brief for Appellee, Army conveniently agrees with District Court's *unsupported* assumption Quintana had failed to show she was meeting employer's legitimate expectations. However, it's unknown how District Court supports such improper inference *against* Carmen, without crediting impeachable statements from her subordinates. Given the evidence proffered and, on the record, Carmen can establish adverse employment action was likely *pretextual*.

With the third issue, Carmen established the District Court improperly failed to make a material inference in her favor, as nonmoving party, to the effect that she was qualified. Appellee failed to demonstrate in its motion for summary judgment,

how Carmen, after thirty-years of service, was *not qualified*. Specifically, none of defenses witnesses testified thru deposition or sworn testimony, to that effect. Such inference against plaintiff was improper and should have been in her favor *instead*. Finally, with the fourth issue, Carmen established she proffered sufficient evidence at the Summary Judgment stage, to prevail as the Court's Opinion was unsupported by the record. Contrary to District Court's assumption that Carmen Quintana had failed to adequately call Court's attention to evidence of favorable performance reviews, she did, but District Court choose, conveniently, to ignore her. Appellee falsely state Carmen's performance evaluations "make their debut on appeal in Quintana's addendum to her opening brief." (See Brief for Appellee, pag. 39 (Dkt. Pg. 45)) This, however, is *false*, these outstanding work performance evaluations were produced with Plaintiff's Response to Defendant's First Set of Interrogatories and Request for Production, documents which were promptly produced to defendant during discovery, and later referenced to in Exhibit/Attachment 10 (Dkt. #110-10) of plaintiff's *Opposition* (Dkt. #110) to defendant's MSJ. Specific references were made on Carmen's Interrogatory Answer No. 20, (Dkt. #110-10, pag. 12) to "performance rating by former acting MWR Director, Mr. Dan Carter (8 pages) and Interrogatory Answer No. 24, (Dkt. #110-10, page. 14-15) "plaintiff performance evaluations from 2010-2019 (12 pages). On Carmen's Interrogatory Answer No. 3 (Dkt. #110-10, page 4) she referred to her "outstanding performance". Further, with

9

her Opposition she proffered admissible evidence with citation, including Deposition damning admissions by Supervisors Dan Carter and Tod Scalf, to the fact that they were NOT aware of any problems with her, no written admonishment was given prior to reassignment, nor was she ever placed on a PIP nor given written reprimand. (Dkt. #110-1, pag. 28) Finally, in her Opposing Statement of Facts (Dkt. #110-1) specifically No. 4, Carmen Dieppa made specific reference to her Performance Evaluation, and referred to Exhibit 10 (Answers to Interrogatories) Dkt. #110-10.

**A history of favorable performance reviews and extensive experience can establish a genuine issue as to an employee's ability to meet legitimate job expectations**. See *Woodman v. Haemonetics Corp*., 51 F.3d 1087, 1092 (1st Cir. 1995). **Here, there was a substantial question as to whether Carmen Quintana had met the employer's *legitimate* job-performance expectations**. A hurdle Carmen could have and can clear with her proffered testimony, damning admissions of supervisors, performance evaluations and former Supervisor expected testimony. See also *Keisling v. Ser-Job for Progress, Inc*., 19 F.3d 755 (1st. Cir. 1994)

Appellee failed to show with MSJ, *Carmen* had any previous history of performance issues, throughout her 30 plus years of employment. Further, the final and second AR investigation, done at the local level, did NOT make any recommendations related to reassignment. Plaintiff put forth a thorough *Opposition* (Dkt. #110) with multiple supporting documents, including statement of contested

10

facts (Dkt. #110-1) and Additional Facts/Damning Admissions (Dkt. #110-2) with corresponding citations. Specifically, Appellee falsely stated Carmen "...*provided no evidentiary support for her assertion relating to her prior performance*" See Brief for Appellee, pag. 55-56. Further, Appellee falsely support the District Court's error, claiming Carmen "did not reference record material to that effect." (Brief for Appellee, pag. 23) with respect to her previous outstanding performance evaluations. Appellant also put *on record* her witness's expected testimony, Supervisor Dallas Pettersen, (See Dkt. #129, 129-1, 130, 130-1 (Sworn Statement), and 144-1). Testimony which contradicts Army's proffered statements by subordinates. Finally, Appellant referred to undisputed fact the decision to involuntarily reassign her to a less desirable position was made on January 2017, while her EEOC case was still pending. (See also Dkt. #47-5, pages 44-45). A Jury could find that a decision, while EEOC case was pending, unsubstantiated by 2nd. AR investigation, was *retaliatory*.

Contrary to the District Court's erroneous findings, Carmen Dieppa elucidates with her Opposition, supporting documents and the record, sufficient facts that could enable a jury to find that proffered reason for her involuntary reassignment, was a sham intended to cover up her employer's real discriminatory/retaliatory motive.

## IV.   CONCLUSION

The case was ready and fit for a fact-finding jury trial: A Pretrial Conference was scheduled for June 30, 2021 (Dkt. #65), a Joint Proposed Pretrial Order was

11

filed (Dkt. #80), Pretrial Conference advanced to June 28, 2021 (Dkt. #89), a Pretrial Conference was held, and Pretrial Order thoroughly discussed (Dkt. #108), District Court issued Order setting Jury Trial for December 15, 2021 (Dkt. #101), an Order was issued instructing parties to supplement Pretrial Order (Dkt. #103) and Parties were instructed to be ready for jury trial with only 2-3 days' notice (Dkt. #155).

Contrary to the District Courts assumption, record is clear in that plaintiff *did* proffer **performance evaluations (2010-Present)**, which were identified in Joint Proposed Pretrial Order (**Add D** Dkt. #80, pag. 39, **Add F**) as her Evidence. A copy of said documents were produced to/or obtained from defendant during discovery, and **copies physically given to the District Court Judge during the Pretrial Conference/Settlement Conference**, in which the Proposed Joint Pretrial Order was thoroughly discussed. Given to the Court while Army's MSJ was still pending.

The District Court erroneously assumes Carmen Dieppa has failed to establish her involuntary reassignment during November 2017, was *retaliation* for protected activity. However, Carmen Dieppa can show a jury with direct and circumstantial evidence, her involuntary reassignment was *retaliatory*: Defendant's decision "Recommendation for Approval of Management Directed Reassignment" took place *January 25, 2017* (Defendant's Exhibit 5, Pretrial Order at Dkt. #80, pag. 40), *while* her EEOC Case was *pending* and EEOC decision was issued in July 2017 (Defendant's Exhibit 8, Pretrial Order at Dkt. #80, pag. 40) A fact-finding jury can,

because a decision was made *while* previous EEO case was pending, and testimony of her witness, supervisor Dallas Petersen about a bogus investigation into her "leadership" style with fabricated subordinate statements, considering she always met objective work performance expectations, that proffered reason by defendant was pretextual and decision to involuntarily reassign her *retaliatory*. A defense witness and Carmen's Supervisor testified William Leyh, individual named in EEO Charge, met with him to discuss Carmen's investigation in July 2017. So Dieppa can elucidate specific facts to enable a jury to find defendant's reason was a *sham*.

Considering the above, this Honorable Circuit Court should conclude *a jury* could find plaintiff Carmen Dieppa was subjected to unlawful workplace practices, including age/gender discrimination and retaliation. Plaintiff wasn't "transferred" to an existing position, but instead reassigned to newly created non-supervisory Project Manager position. This Circuit Court has already recognized that *reassignment* with significant different responsibilities constitutes *adverse* action. *Cham v. Station Operators, Inc*., 685 F.3d 87, 94 (1$^{st.}$ Cir. 2012)

Accordingly, the motion for summary judgment should have been denied, completely or partially, the District Court judgment should be vacated, and the case remanded for further proceedings consistent with this Court's decision.

Costs also awarded to Appellant.

13

## PRAYER

For the foregoing reasons, the plaintiff-appellant respectfully asks the First Circuit Court of Appeals to reverse the District Court's decision dismissing claims, remand the case back to the District Court of Puerto Rico for a fact-finding *jury trial* and grant relief accordingly. Costs should also be awarded to plaintiff-appellant.

Dated:     May 8, 2023

/s/ Humberto Cobo-Estrella
COBO ESTRELLA LAW OFFICE
PO Box 366451
San Juan, PR 00936-6451
Tel. (787) 529-7140
hcobo@hcounsel.com

/s/ Winston Vidal-Gambaro
Winston Vidal Law Office
PO Box 193673
San Juan, PR 00919-3673
Tel. (787) 751-2864
wvidal@prtc.net

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS AND TYPE STYLE REQUIREMENTS

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32 (a)(7)(B) because this brief contains approx. 2,2579 words, excluding the parts of the brief exempted by Fed. R. App. P. 32 (f).

2. This brief also complies with the typeface requirements of Fed. R. App. P. 32 (a)(5) and the type style requirements of Fed. R. App. P. 32 (a) (6) because this brief has been prepared in proportionally spaced typeface using Microsoft Word in Times New Roman 14 pt. font.

I hereby certify that to the best of my knowledge and belief this brief complies with the Fed. R. App. P. 32 (a) in that as per my word processing system the total word count is approx. 2,763.

/s/ Humberto Cobo-Estrella

## CERTIFICATE OF SERVICE

I, hereby certify that this **Reply Brief** was filed electronically through the United States Court of Appeals for the First Circuit's ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on May 8, 2023.

With the following email addresses:

| | |
|---|---|
| Lisa E. Bhatia Gautier, Esq. | lisa.bhatia@usdoj.gov |
| Leslie A. Beuttell, Esq. | leslie.a.beuttell.civ@mail.mil |

/s/ Humberto Cobo-Estrella

Dated:   May 8, 2023

Respectfully submitted,

/s/ Humberto Cobo-Estrella
COBO ESTRELLA LAW OFFICE
PO Box 366451
San Juan, PR 00936-6451
Tel. (787) 529-7140
hcobo@hcounsel.com

/s/ Winston Vidal-Gambaro
Winston Vidal Law Office
PO Box 193673
San Juan, PR 00919-3673
Tel. (787) 751-2864
wvidal@prtc.net